## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - LAW DIVISION

JOSEPH TUHOLSKI, Individually and as Independent Administrator of the Estate of DENNIS TUHOLSKI, deceased, )
)
)
)
No. 2013L000118
CALENDAR/ROOM F
TIME 00:00
Medical Malpractice

Plaintiffs, )

vs. )

DELAVAN RESCUE SQUAD, INC., a corporation, and the WALWORTH COUNTY SHERIFF'S DEPARTMENT, )

Defendants.

**Please Serve:**
Walworth County Sheriff's Dept.
100 W. Walworth
Elkhorn, WI 53121

## SUMMONS

**To each defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file an appearance, in the office of the Clerk of the Circuit Court of Cook County, Chicago, IL within thirty (30) days after service of this summons, not counting the day of service, IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

JAN 0 4 2013

WITNESS,_____

DOROTHY BROWN
_____
Attorney for Plaintiff

**Name:** Craig A. Hoffman, Esq.
**Attorney for:** PLAINTIFF
**Address:** 500 W. Madison St., Suite 2300
**City:** Chicago, Illinois 60661
**Telephone:** (312) 466-8050
**Facsimile:** (312) 466-8055

Date of service:_____, 2013
(To be inserted by officer on copy left with defendant or other person)

**EXHIBIT A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - LAW DIVISION

JOSEPH TUHOLSKI, Individually and as Independent )
Administrator of the Estate of DENNIS TUHOLSKI, )
deceased, )
                                                                                          ) No.
      Plaintiffs, ) 2013L000118
                                                                                          ) CALENDAR/ROOM F
vs. ) TIME 00:00
                                                                                           ) Medical Malpractice
DELAVAN RESCUE SQUAD, INC., a corporation, and )
the WALWORTH COUNTY SHERIFF'S DEPARTMENT, )
)
      Defendants. )

## COMPLAINT AT LAW

### COUNT I
### (Wrongful Death – Negligence – All Defendants)

NOW COMES, the Plaintiff, JOSEPH TUHOLSKI, Individually and as Independent Administrator of the Estate of DENNIS TUHOLSKI, deceased, by and through his attorneys, RUBERRY, STALMACK & GARVEY, LLC, and complaining of the Defendants, DELAVAN RESCUE SQUAD, INC. a corporation ("DELAVAN"), and the WALWORTH COUNTY SHERIFF'S DEPARTMENT ("WALWORTH"), states as follows:

1. JOSEPH TUHOLSKI is the duly appointed Independent Administrator of the Estate of DENNIS TUHOLSKI, deceased, having been appointed through Letters of Office through the Probate Division of McHenry County, Illinois and that he carries with him the authority to act. (See copy of letter of office attached as Exhibit "A").

2. That on and prior to July 22, 2012, and at all times relevant herein, the Defendant DELAVAN was a corporation organized under the laws of Wisconsin and was in the business of providing emergency medical care and transportation to the public.

3. That on and prior to July 22, 2012, and at all times relevant herein, the Defendant DELAVAN was a foreign corporation in the State of Illinois and was authorized to transact business in Illinois.

4. That on and prior to July 22, 2012, and at all times relevant herein, the Defendant DELAVAN did in fact regularly transact business in Illinois and in Cook County specifically.

5. That on and prior to July 22, 2012, and at all times relevant herein, the Defendant DELAVAN advertised on its primary website that it provided "inter-facility transfers to facilities in Southeastern Wisconsin and Northern Illinois."

6. That on and prior to July 22, 2012, and at all times relevant herein, the Defendant DELAVAN advertised on its primary website that it had expanded its "Critical Care Interfaculty Transfers include Harvard, IL, Janesville, WI, and Beloit, WI and that it has the capability to transport critical patients to advanced level care centers from Neenah, WI to mid state Illinois and often transports into Chicago medical facilities."

7. That on and prior to July 22, 2012, and at all times relevant herein, there was in full force and effect Illinois statute 735 ILCS 5/2-102(a) which holds that any foreign corporation authorized to transact business in this State is a resident of any county in which it has its registered office or is doing business.

8. That on and prior to July 22, 2012, and at all times relevant herein, there was in full force and effect Illinois statute 735 ILCS 5/2-209(a) which holds that any person, whether or not a citizen of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any such acts: (1) the transaction of any business within this State.

9. That on and prior to July 22, 2012, and at all times relevant herein, the Defendant WALWORTH was a division of the municipality of Walworth County, Wisconsin.

10. That on and prior to July 22, 2012, and at all times relevant herein, Defendant WALWORTH contracted orally or in writing with Defendant DELAVAN to transmit, relay, transfer and/or communicate certain emergency calls and requests for emergency medical care to DELAVAN.

11. That on and prior to July 22, 2012, and at all times relevant herein, when callers dialed 911 within certain areas of Walworth County, WI, they were automatically connected with Defendant WALWORTH who then dispatched Defendant DELAVAN to the scene.

12. That on and prior to July 22, 2012, and at all times relevant herein, 911 callers and members of the public within certain areas of Walworth County, WI were not given a choice as to which emergency response service and/or personnel would respond to their 911 call.

13. That on and prior to July 22, 2012, and at all times relevant herein, Defendant WALWORTH did in fact have emergency medical vehicles and ambulances of its own available to be dispatched but instead relied on Defendant DELAVAN to provide emergency medical vehicles, ambulances and other services to 911 callers.

14. That on and prior to July 22, 2012, and at all times relevant herein, 911 callers and members of the public within certain areas of Walworth County, WI relied on Defendant WALWORTH to provide emergency medical vehicles and services when 911 was called within those certain areas of Walworth County, WI.

15. That on July 22, 2012, decedent DENNIS TUHOLSKI began to experience an asthma attack at the residence of N6582 Anderson Drive, Delavan, WI 53115.

16. That on July 22, 2012, 911 was called at 5:44 a.m. from this residence.

17. That on July 22, 2012, at approximately 5:44 a.m., Defendant WALWORTH dispatched or should have dispatched Defendant DELAVAN to the residence.

18. That on July 22, 2012, as of 5:59 a.m., no emergency medical personnel had arrived at the residence.

19. That on July 22, 2012, as of 5:59 a.m., DENNIS TUHOLSKI was breathing and was conscious.

20. That on July 22, 2012, as of 5:59 a.m., DENNIS TUHOLSKI had a pulse.

21. That on July 22, 2012, sometime after 5:59 a.m., Defendant DELAVAN arrived at the residence.

22. That on July 22, 2012 and at all times relevant herein, there was a duty on the part of the Defendant DELAVAN to treat DENNIS TUHOLSKI in accordance with the accepted standards of medical practice and opinion prevailing in 2012, and to exercise that degree of care and caution commonly exercised by other members of the emergency medical profession in the community.

23. That after assuming the care and treatment of DENNIS TUHOLSKI, Defendant DELAVAN, by and through its agents, servants, and/or employees, was then and there guilty of one or more of the following wrongful, negligent acts and/or omissions:

    a. Failed to properly and adequately diagnose Dennis Tuholski as having an asthma attack;

    b. Failed to properly and adequately use a defibrillator on Dennis Tuholski;

    c. Failed to ensure that all medical and emergency equipment was in proper working order;

    d. Failed to properly and adequately intubate Dennis Tuholski;

    e. Failed to properly and adequately record a pulse in Dennis Tuholski;

    f. Failed to properly and adequately monitor Dennis Tuholski's breathing and heart rate;

  g. Administered an Epi-Pen on Dennis Tuholski;

  h. Failed to immediately transfer Dennis Tuholski to the closest medical facility for emergency treatment;

  i. Was otherwise careless and negligent.

24. That on July 22, 2012 and at all times relevant herein, there was a duty on the part of the Defendant WALWORTH to provide for the safety, care and well being of DENNIS TUHOLSKI in accordance with the accepted standards of practice and opinion prevailing in 2012, as DENNIS TUHOLSKI was a member of the public.

25. That after receiving the 911 call with respect to DENNIS TUHOLSKI, Defendant WALWORTH was then and there guilty of one or more of the following wrongful, negligent acts and/or omissions:

  a. Dispatched Defendant DELAVAN to provide emergency medical treatment to Dennis Tuholski;

  b. Contracted exclusively with DELAVAN to the public's detriment;

  c. Failed to use a more reliable and centrally located emergency service with respect to the care and treatment of Dennis Tuholski;

  d. Failed to send its own or other emergency medical vehicles and/or services to the scene to treat Dennis Tuholski;

  e. Failed to timely send emergency medical vehicles and/or services to the scene to treat Dennis Tuholski;

  f. Failed to ensure that Dennis Tuholski was immediately transferred to the closest medical facility for emergency treatment;

26. That as a direct and proximate result of one or more of the foregoing wrongful, negligent acts and/or omissions of the Defendants DELAVAN and WALWORTH, DENNIS TUHOLSKI endured unnecessary mental and physical pain and suffering; became liable for great sums of money for hospital and medical care and treatment; and ultimately died on July 22, 2012.

27. That by reason of the death of the Plaintiff's decedent, DENNIS TUHOLSKI, the heirs and next of kin have suffered damages and pecuniary losses as are recoverable under the WRONGFUL DEATH ACT, specifically:

    a.      Dennis L. Tuholski    Father;

    b.      Joseph Tuholski     Brother;

    c.      Deana Tuholski     Sister;

    d.      Daniel Tuholski     Brother.

28. That Plaintiff attaches hereto an Attorney Affidavit as required by **735 ILCS 5/2-622**.

29. That the Plaintiff's damages for Wrongful Death are in excess of FIFTY THOUSAND DOLLARS ($50,000.00), the minimal jurisdictional amount of this Court.

WHEREFORE, Plaintiff, JOSEPH TUHOLSKI, Individually and as Independent Administrator of the Estate of DENNIS TUHOLSKI, deceased, prays for judgment against the Defendants DELAVAN RESCUE SQUAD, INC. a corporation and the WALWORTH COUNTY SHERIFF'S DEPARTMENT for hospital, medical, drug and incidental expenses and general damages according to proof and for such other and further relief as this Court deems just.

## COUNT II
### Survival – All Defendants

NOW COMES, the Plaintiff, JOSEPH TUHOLSKI, Individually and as Independent Administrator of the Estate of DENNIS TUHOLSKI, deceased, by and through his attorneys, RUBERRY, STALMACK & GARVEY, LLC, and complaining of the Defendants, DELAVAN RESCUE SQUAD, INC. a corporation, and the WALWORTH COUNTY SHERIFF'S DEPARTMENT, states as follows:

That the Plaintiff realleges, restates and incorporates by reference paragraphs 1 through 29 of Count I of this Complaint at Law as and for paragraphs 1 through 29 of this Count II, *in haec verba.*

30. That the Plaintiff, JOSEPH TUHOLSKI, brings this action in his capacity as Independent Administrator of the Estate of DENNIS TUHOLSKI, deceased.

31. That prior to his death, Plaintiff's decedent, DENNIS TUHOLSKI, endured great pain and suffering and, pursuant to **750 ILCS 65/15** the cause of action by reason such pain and suffering survives his death.

32. That Plaintiff's damages for Survival are in excess of FIFTY THOUSAND DOLLARS ($50,000.00) the minimum jurisdictional amount of this Court.

33. WHEREFORE, Plaintiff, JOSEPH TUHOLSKI, Individually and as Independent Administrator of the Estate of DENNIS TUHOLSKI, deceased, prays for judgment against the Defendants DELAVAN RESCUE SQUAD, INC. a corporation and the WALWORTH COUNTY SHERIFF'S DEPARTMENT for all survival damages according to proof and for such other and further relief as this Court deems just.

Respectfully Submitted,

RUBERRY, STALMACK & GARVEY, LLC

By: _____
One of the Attorneys for Plaintiffs

Craig A. Hoffman
RUBERRY, STALMACK & GARVEY, LLC
500 West Madison Street, Suite 2300
Chicago, Illinois 60661
Tel: 312-466-8050
Fax: 312-466-8055

UNITED STATES OF AMERICA
STATE OF ILLINOIS - COUNTY OF MCHENRY
IN THE CIRCUIT COURT OF THE TWENTY-SECOND JUDICIAL CIRCUIT


FILED
OCT 19 2012
KATHERINE M. KEEFE
MCHENRY CTY. CIR. CLK.

Estate of

Case No. 12PR000269

DENNIS D TUHOLSKI

Deceased

## LETTERS OF OFFICE - DECEDENT'S ESTATE

Deceased:  DENNIS D TUHOLSKI                         Date of Death: 7/22/2012

JOE TUHOLSKI has been appointed ADMINISTRATOR - INDEPENDENT and

is authorized to take possession of and collect the estate of the decedent, and to do all acts required by law.

WITNESS:

Katherine M. Keefe, Clerk of the Twenty-Second Judicial Circuit, and the seal thereof, at Woodstock, Illinois.

Dated: October 19, 2012

*Katherine M. Keefe*
Clerk of the Twenty-Second Judicial Circuit

## CERTIFICATE

I certify that this is a copy of the Letters of Office now in force and effect on this date in this estate.

Dated: October 19, 2012

*Katherine M. Keefe*
Clerk of the Twenty-Second Judicial Circuit

EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

JOSEPH TUHOLSKI, Individually and as Independent )
Administrator of the Estate of DENNIS TUHOLSKI, deceased, )
) No.
Plaintiffs, )
)
vs. )
)
DELAVAN RESCUE SQUAD, INC., a corporation, and the )
WALWORTH COUNTY SHERIFF'S DEPARTMENT, )
)
Defendants. )

## AFFIDAVIT

I, Craig A. Hoffman, being first duly sworn on oath deposes and states as follows:

1. That I am the attorney of record who has been retained to represent the Estate of Dennis Tuholski, deceased, and the Tuholski family in this matter;

2. That I am knowledgeable with respect to the facts of this claim and the events and circumstances leading to the death of Dennis Tuholski on July 22, 2012;

3. That on October 29, 2012, pursuant to 735 ILCS 5/2-622(a)(3) and 735 ILCS 5/8-2001, I have requested all records, documents and/or materials with respect to Dennis Tuholski, deceased, and the run of July 22, 2012 from the Defendant Delavan Rescue Squad, Inc.

4. That Defendant Delavan Rescue Squad, Inc. has failed to produce any such records, documents and/or materials whatsoever to date.

5. That more than sixty (60) days have passed since my initial request for said records, documents and/or materials.

FURTHER, affiant sayeth not.

_____
Craig A. Hoffman

SUBSCRIBED and SWORN
to before me this _____ day
of _____, 2013.

_____
NOTARY PUBLIC

OFFICIAL SEAL
CYNTHIA BRUECKMAN
Notary Public - State of Illinois
My Commission Expires 12/15/2013