IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH TUHOLSKI, individually and as Independent Administrator of the Estate of DENNIS TUHOLSKI, | ) ) ) ) |
| Plaintiff, | ) ) Case No. 13-1093 |
| | ) Hon. Marvin E. Aspen |
| v. | ) ) |
| DELAVAN RESCUE SQUAD, INC., a corporation, and the WALWORTH COUNTY SHERIFF'S DEPARTMENT, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Plaintiff Joseph Tuholski ("Tuholski") filed a complaint in the Circuit Court of Cook County alleging survival, negligence and wrongful death after his brother died from an asthma attack. Defendant Walworth County Sheriff's Department ("Walworth") removed the case on the basis of diversity jurisdiction under 28 U.S.C. § 1332. We now consider *sua sponte* whether the notice of removal adequately alleged diversity jurisdiction.

**BACKGROUND**

On July 22, 2012, Delavan Rescue Squad, Inc. ("Delavan"), an ambulance service, responded to a 911 call after Dennis Tuholski ("Dennis") experienced an asthma attack. (Compl. ¶ 4). Later that day, Dennis died in the hospital. (*Id.* ¶ 13). Tuholski, individually and on behalf of Dennis' estate, brought suit in the Circuit Court of Cook County on January 4, 2013 against Walworth and Delavan. The complaint alleges three counts consisting of wrongful death,

1

negligence and survival. On our own motion, we now review the notice of removal and complaint in the present case to determine whether we have subject matter jurisdiction.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(h)(3) requires us to review our own jurisdiction *sua sponte*. "Jurisdiction is the 'power to declare law,' and without it the federal courts cannot proceed." *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) (quoting *Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574, 577, 583, 119 S. Ct. 1563, 1567 (1999)); *see also Hammes v. AAMCO Transmissions, Inc.,* 33 F.3d 774, 778 (7th Cir. 1994) (noting that "the court has an independent duty to satisfy itself that it has subject-matter jurisdiction"). After reviewing the pleadings and the notice of removal, we perceive an error in Walworth's jurisdictional facts.

A defendant seeking removal on the basis of diversity jurisdiction "bears the burden of demonstrating that the complete diversity and amount in controversy requirements were met at the time of removal." *Tylka v. Gerber Prods. Co.,* 211 F.3d 445, 448 (7th Cir. 2008); *see also Spivey v. Vertrue, Inc.,* 528 F.3d 982, 986 (7th Cir. 2008); *see Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 549 (7th Cir. 2004). Additionally, "federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Centers, Inc*. 577 F.3d 752, 758 (7th Cir. 2009); *see Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) ("Any doubt regarding diversity jurisdiction should be resolved in favor of the states.").

## ANALYSIS

### A. Jurisdictional Allegations of the Notice of Removal

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 968 (7th Cir. 2013); *Loellke v. Moore,* No. 12 2 GPM, 2012 WL 76882, at *1 (S.D. Ill. Jan. 10, 2012). Federal courts have original jurisdiction when an amount in excess of $75,000 is in controversy and all parties are of completely diverse citizenship. *See* 28 U.S.C. § 1332. Complete diversity of citizenship exists when "no plaintiff is a citizen of the same state as any defendant." *LM Ins. Corp. v. Spaulding Enters. Inc.,* 533 F.3d 542, 547 (7th Cir. 2008); *see also Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993).

Under 28 U.S.C. 1446(c)(2), "if removal of a civil action is sought on the basis of the jurisdiction conferred by § 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." Walworth has alleged that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. Walworth points out that Tuholski has asserted three separate claims, each of which exceeds $50,000, and that, in total, amount to at least $150,000. Therefore, the amount in controversy requirement has been met.

Tuholski's allegations of complete diversity, however, are insufficient. With respect to Tuholski, an individual's domicile determines state citizenship for the purposes of diversity jurisdiction. *Midwest Transit, Inc. v. Hicks*, 79 F. App'x 205, 208 (7th Cir. 2003); *Kamensky v. Estate of Weinstein*, No. 10 C 6605, 2011 WL 1838782, at *1 (N.D. Ill. May 13, 2011). Here,

3

Walworth states that "[u]pon information and belief," Tuholski "is believed to be a citizen and resident of a community within the Northern District of Illinois, State of Illinois." (Notice of Removal ¶ 6a.) As for Defendants, under 28 U.S.C. § 1332, a corporation is deemed to be a citizen both of the state where it is incorporated and the state where it maintains its principal place of business, the latter being the state where the corporation has its headquarters or "nerve center." *See Hertz Corp. v. Friend*, 559 U.S. 77, 95, 130 S. Ct. 1181, 1193–94 (2010); *see also Chamberlain Mfg. Corp. v. Maremont Corp.*, 828 F. Supp. 589, 590 (N.D. Ill. 1993). Walworth claims Wisconsin citizenship and further asserts that "[u]pon information and belief," Delavan is also a corporation organized under the laws of Wisconsin that maintains its principal place of business in Wisconsin. (Notice of Removal ¶ 6b.)

These allegations fall short because diversity jurisdiction "must be a matter of certainty and not of probabilities." *Murphy v. Schering Corp.* 878 F.Supp. 124, 125–26 (N.D. Ill. 1995). "An allegation based upon 'information and belief' is insufficient to establish diversity of citizenship jurisdiction." *Chambers v. Medtronic, Inc.* No. 08 C 554, 2008 WL 3889865, at *1 (N.D. Ill. Aug. 20, 2008); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Hayes v. Bass Pro Outdoor World, LLC.,* 02 C 9106, 2003 WL 187411, at *1 (N.D. Ill. Jan. 21, 2003); *see Absopure Water Co. v. Liqui-Box Corp.,* No. 85 C 2578, 1985 WL 1171, at *1 (N.D. Ill. May 9, 1985) (concluding that allegations made "on information and belief" are not fact but are "the same as pleading that 'the rumor is . . .'"). Allegations of jurisdictional facts must be based on personal knowledge. *America's Best Inns, Inc.*, 980 F.2d at 1074 (noting that an allegation made "to the best of my knowledge and belief" was "useless"); *see also Chambers,* 2008 WL 3889865, at *1. Accordingly, Walworth's assertions about the citizenship of Tuholski and Delavan made "upon information and belief" have no value. We

4

cannot rely on these allegations in the notice of removal to resolve the threshold question of jurisdiction.

B.  **Amendment to the Notice of Removal**

We thus must determine whether Walworth can cure these defects. A notice of removal must usually be filed within thirty days of a defendant's receipt of the complaint, and a defendant may freely amend the notice of removal during that thirty-day window. *See* 28 U.S.C. § 446(b)(1); 28 U.S.C. § 1653. After thirty days, a defendant may amend "defective allegations of jurisdiction" only with the court's permission. 28 U.S.C. § 1653; *see also Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 368 (7th Cir. 1993) (abrogated on other grounds by *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540, 542 (7th Cir. 2006)); *Loellke,* 2012 WL 76882, at *1. In this case, the thirty-day window has passed. Walworth filed its removal notice on February 11, 2013, nearly six months ago.

While we may grant permission for Walworth to amend its notice of removal, we will not allow an amendment if it involves assertion of a new basis of removal. Courts typically deny a request to amend on new jurisdictional grounds. *See Stein v. Sprint Commc'ns Co., L.P.*, 968 F. Supp. 371, 375–76 (N.D. Ill. 1997) (denying a proposed amendment that sought to allege subject matter jurisdiction when diversity jurisdiction had been plead originally). On the other hand, courts may allow amendments to technical defects in the notice of removal after the thirty-day window has passed. *Id*.

The issue thus turns on whether faulty allegations about citizenship, made on "information and belief," constitute technical defects. Other courts addressing similar questions have concluded that mistaken allegations about a party's citizenship are technical defects that could be amended. *See McMahon v. Bunn–O–Matic Corp.,* 150 F.3d 651, 653–54 (7th Cir.

1998) (allowing defendant to amend the pleadings under § 1653 to correct citizenship allegations); *Pinnacle Performance v. Garbis*, 12 C 1136, 2012 WL 1378673, at *1 (N.D. Ill. Apr. 20, 2012) (allowing an amended notice of removal after thirty days in a diversity case after defendant failed to allege the citizenship of a party); *Jones v. Coombs*, No. 09 C 933, 2010 WL 1416041, at *1 (S.D. Ill. Apr. 1, 2010) (allowing defendant to file an amended notice to correct citizenship allegations, where he had previously alleged only residency).  In reaching the same conclusion, we bear in mind the Seventh Circuit's admonition that "*sua sponte* dismissals without prior notice or opportunity to be heard are hazardous." *Frey v. E.P.A.,* 270 F.3d 1129, 1131–32 (7th Cir. 2001) (explaining that "unless the defect is clearly incurable a district court should grant the plaintiff leave to amend, allow the parties to argue the jurisdictional issue, or provide the plaintiff with the opportunity to discover the facts necessary to establish jurisdiction").

Because Walworth may be able to plead diversity jurisdiction in good faith, we will allow it the opportunity to cure the notice of removal under 28 U.S.C. § 1653.  If it chooses to do so, Walworth may file an amended notice of removal, properly alleging the citizenship of each party, no later than Wednesday, September 11, 2013.  If it fails to do so, we will remand the case to the Circuit Court of Cook County.

## CONCLUSION

For the reasons set forth above, the jurisdictional allegations of Walworth's notice of removal are insufficient. If Walworth can file an amended notice of removal that is consistent with this order and demonstrates the existence of diversity jurisdiction, it may do so on or by September 11, 2013. If not, this case will be remanded to the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. § 1447© for lack of jurisdiction. The pending motions filed by Defendants (Dkt. Nos. 30 and 37) are entered and continued pending Walworth's filing of an amended notice of removal. It is so ordered.

/s/ Marvin E. Aspen
Marvin E. Aspen
United States District Judge

Dated:        Chicago, Illinois
              August 12, 2013