UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSEPH TUHOLSKI, as Independent Administrator
of the ESTATE OF DENNIS D. TUHOLSKI and
DENNIS L. TUHOLSKI

    Plaintiffs

v.                            Case No.: 2:13CV01349

DELAVAN RESCUE SQUAD, INC.

    Defendant

## THIRD AMENDED COMPLAINT FOR DAMAGES

### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiffs, JOSEPH TUHOLSKI, as Independent Administrator of the ESTATE OF DENNIS D. TUHOLSKI, and DENNIS L. TUHOLSKI, by and through their undersigned attorneys, hereby sue Defendant DELAVAN RESCUE SQUAD, INC. and alleges as follows:

### PARTIES

1. That at the present time, the plaintiff, Joseph Tuholski, is an adult citizen and resident of the State of Illinois, who resides at 24 Woodland Dr., Apt. 1, Crystal Lake, IL 60014, and is the Independent Administrator of Estate of Dennis D. Tuholski; that at all times material hereto, the plaintiff, Dennis D. Tuholski, was an adult citizen and resident of the State of Illinois, residing at 524 Woodland Dr., Apt. 1, Crystal Lake, IL 60014.

2. That at the present time, the plaintiff, Dennis L. Tuholski, is an adult citizen and resident of the State of Illinois, who resides at 130 S. Mitchell Ave., Arlington Heights, IL 60005 and was the father of Dennis D. Tuholski.

**EXHIBIT A**

1

3. That at the present time, the defendant, Delavan Rescue Squad, Inc., is a Wisconsin non-stock corporation, duly organized and existing under and by virtue of the laws of the State of Wisconsin, with offices of its Registered Agent, Steve Anderson, located at 1436 Mound Rd., Delavan, WI 53115.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a)(1) because the Plaintiffs and Defendant are citizens of different states, and the amount in controversy exceeds $75,000, excluding interest and costs.

5. Venue is this matter is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## GENERAL FACTUAL ALLEGATIONS

6. That on July 22, 2013, Dennis D. Tuholski, then 34-years of age, experienced an asthma attack at the residence of N6582 Anderson Drive, Delavan, WI 53115 (Walworth County).

7. That at 5:44 a.m. the Walworth County Sheriff's Department 911 Dispatch Center was called by Carrie Davis, Dennis D. Tuholski's girlfriend.

8. That at 5:47 a.m., Walworth County Sheriff's Department 911 Dispatch Center dispatched Delavan Rescue Squad Inc., its agents, servants and/or employees, including any individual acting with real or apparent authority of Delavan Rescue Squad Inc. and/or any individual over whom Delavan Rescue Squad had supervisory control and responsibility with respect to care provided to patients of Delavan Rescue Squad Inc. (hereinafter collectively "Delavan Rescue Squad"), to the residence of N6582 Anderson Drive, Delavan, WI 53115.

2

Case 2:13-cv-01349-JPS   Filed 02/07/14   Page 2 of 11   Document 66
Case 2:13-cv-01349-NJ   Filed 04/25/14   Page 2 of 11   Document 74-1

9. That at 5:51 a.m., prior to the arrival of Delavan Rescue Squad, Dennis D. Tuholski turned blue, stopped breathing and a nurse at the residence began performing CPR.

10. That at 5:54 a.m., prior to the arrival of Delavan Rescue Squad, CPR was stopped as Dennis D. Tuholski began breathing on his own, taking shallow breaths.

11. That Delavan Rescue Squad arrived at the scene at 5:59 a.m.

12. That upon arriving at the scene, Delavan Rescue Squad noted that Dennis D. Tuholski "displayed spontaneous respiratory effort at a rate of 6-8 and a palpable pulse in the low 50's. His skin is pale and he has a very limited response to verbal stimuli (being he would attempt a breath when prompted (verbal shout) by a family member."

13. That at 6:05 a.m., Delavan Rescue Squad noted that it began CPR

14. That at 6:08 a.m., Delavan Rescue Squad noted that Dennis D. Tuholski's blood pressure was 116/77, pulse was 68, respiratory rate was 8 and shallow and SpO2 was 33 on room air; that at the same time, Delavan Rescue Squad noted they were providing supplemental oxygen to Dennis D. Tuholski via bag-mask ventilation

15. That at 6:09 a.m. Delavan Rescue Squad noted that it administered a breathing treatment to Dennis D. Tuholski consisting of Albuterol and Atrovent via a bag mask ventilator.

16. That at that at 6:11 a.m., Delavan Rescue Squad noted that Dennis D. Tuholski's pulse was 36; that this was the last vital sign recorded by Delavan Rescue Squad; that at the same time, Delavan Rescue Squad noted that Dennis D. Tuholski was receiving external cardiac pacing.

17. That, with respect to the external cardiac pacing, Delavan Rescue Squad noted, "Continued malfunctions of the MRx's pacing function were experienced during the call. The monitor would indicate that the therapy pads were disconnected and discontinue pacing. During

3

Case 2:13-cv-01349-JPS   Filed 02/07/14   Page 3 of 11   Document 66
Case 2:13-cv-01349-NJ   Filed 04/25/14   Page 3 of 11   Document 74-1

the first episode, all cables and checked and found to be intact. Disconnecting the therapy plug at the monitor and reconnecting appeared to remedy the error message and pacing would reinitiate (manually). The malfunction continued at random intervals during the entire transfer."

18. That upon information and belief, "MRx" refers to Phillips HeartStart MRx monitor / defibrillator; that upon information and belief, on June 20, 2012, more than one month prior to the incident that is the subject of this lawsuit, Phillips Healthcare Inc. issued a notice to users of the MRx, including Delavan Rescue Squad, via a Urgent Medical Device Correction notification/Field Safety Notice and a revised Instructions for Use addendum for each HeartStart MRx unit; that upon information and belief, the Urgent Medical Device Correction notification/Field Safety Notice informed users of the MRx, including Delavan Rescue Squad, that the Therapy Cable Connection wear may lead to a malfunction in detection of defibrillation pads/paddles therapy Cables and identified details of units affected and identified the action; that upon information and belief, Philips asked customers to follow the Action to be Taken by Customer/Usersection of the Urgent Medical Device Correction notification/Field Safety Notice, which included to "Carefully read the attached HeartStart MRx Instructions for Use Addendum. Immediately implement ongoing therapy connection inspection on all of your MRx devices to detect wear from higher than expected levels of stress."; that upon information and belief, the HeartStart MRx Instructions for Use Addendum described how a user, including Delavan Rescue Squad, could identify wear and that, if wear was detected, to remove the affected devices immediately from use and contact Philips to arrange for service

19. That upon information and belief, on June 20, 2012, more than one month prior to the incident that is the subject of this lawsuit, Phillips provided the following warning to users of the MRx, including Delavan Rescue Squad, "WARNING: The service life of your therapy

4

Case 2:13-cv-01349-JPS   Filed 02/07/14   Page 4 of 11   Document 66
Case 2:13-cv-01349-NJ   Filed 04/25/14   Page 4 of 11   Document 74-1

cables/external paddles is up to three years. To maintain reliable performance and reduce the possibility of failure during patient use, replace them every three years from the time they were initially placed into service or if they fail the inspection criteria in the attached Instructions for Use Addendum. The addendum provides the customer with complete user information regarding ongoing inspections of port."; that upon information and belief, also on June 20, 2012, Phillips provided the following information to users of the MRx, including Delavan Rescue Squad, "In addition, service support will be provided for Therapy Port and Cables requirement replacements. Further information or support concerning this issue, contact your local Philips representative at 1-800-722-9377. For questions regarding this recall call 978-687-1501."

20. That upon information and belief, on June 27, 2012, Phillips issued a release to all users of the MRx, including Delavan Rescue Squad, that provided, "Philips issued an Urgent Voluntary Medical Device Correction/Field Safety Notice letter on June 20, 2012. The letter informs customers of the issue, identifies details (including models and software versions applicable) of units affected, gives instructions on actions to be taken until the correction is available, and identifies what action Philips plans to eliminate or remedy the issue. The letter states that a Philips Healthcare representative will contact customers to arrange for the replacement of the Power PCA in all the affected devices. Philips will complete the installation free of charge. For questions or support concerning this issue contact your local Philips representative at 1-800-722-9377."

21. That at 6:18 a.m., Delavan Rescue Squad noted that they attempted to intubate Dennis D. Tuholski.

22. That at 6:22 a.m., Delavan Rescue Squad noted that they departed the residence.

5

23. That at 6:24 a.m., Delavan Rescue Squad noted that they attempted to intubate Dennis D. Tuholski.

24. That at 6:30 a.m., Delavan Rescue Squad noted that they administered epinephrine to Dennis D. Tuholski.

25. That at 6:33 a.m., Delavan Rescue Squad noted that they administered atropine to Dennis D. Tuholski.

26. That at 6:35 a.m., Delavan Rescue Squad noted that they administered vasopressin to Dennis D. Tuholski.

27. That at 6:38 a.m., Delavan Rescue Squad noted that they administered amiodorone to Dennis D. Tuholski.

28. That at 6:40 a.m., Delavan Rescue Squad noted that they administered epinephrine to Dennis D. Tuholski; that at the same time, Delavan Rescue Squad noted that they arrived at the Mercy Janesville Hospital, noting that said hospital was the "closest facility"; that Delavan Rescue Squad noted that on arrival at the ED, pacing was discontinued and external compressions initiated per the ED staff.

29. That at 6:44 a.m., Delavan Rescue Squad noted that they administered epinephrine to Dennis D. Tuholski.

30. That at 6:49 a.m., Delavan Rescue Squad noted that they transferred patient care to Mercy-Janesville ER staff and that they remained with the ED team and assisted with multiple attempts to intubate and compressions.

31. That Dennis D. Tuholski was pronounced dead at 7:05 a.m. by Dr. Glenn J. Milos.

6

Case 2:13-cv-01349-JPS   Filed 02/07/14   Page 6 of 11   Document 66
Case 2:13-cv-01349-NJ   Filed 04/25/14   Page 6 of 11   Document 74-1

## FIRST CAUSE OF ACTION: NEGLIGENCE AGAINST DELAVAN RESCUE SQUAD

32. Realleges and incorporates herein by reference the allegations of the preceding paragraphs.

33. That Dennis D. Tuholski was a patient of the defendant, Delavan Rescue Squad, at all times material hereto, including on July 22, 2012.

34. That the defendant, Delavan Rescue Squad, had a duty to provide care to Dennis D. Tuholski at all times material hereto, including on July 22, 2012, which duty required Delavan Rescue Squad to use the degree of care, skill and judgment usually exercised by an ambulance service provider, in the same or similar circumstances.

35. That the defendant, Delavan Rescue Squad, was negligent in its care and treatment of Dennis D. Tuholski, at all times material hereto, including on July 22, 2012, in that it failed to possess/exercise that degree of care, skill and judgment usually exercised by a reasonable ambulance service provider, in that it, among other things, negligently failed to assess, diagnose and treat Dennis D. Tuholski's asthma attack, negligently failed to assess, diagnose and treat Dennis D. Tuholski's hypoxia, negligently failed to diagnose and treat Dennis D. Tuholski's pulseless electrical activity, negligently failed to timely and properly intubate or otherwise secure an airway for Dennis D. Tuholski, negligently failed to assess, diagnose and treat Dennis D. Tuholski's vital signs, negligently failed to assess, diagnose and treat Dennis D. Tuholski's hypercapnia, negligently failed to assess, diagnose and treat Dennis D. Tuholski's cardiac and respiratory status, negligently failed to assess, diagnose and treat Dennis D. Tuholski's blood sugar level, negligently failed to timely and properly administer emergency medications to Dennis D. Tuholski, negligently failed to properly and timely transport Dennis D. Tuholski to the nearest hospital, and was otherwise negligent.

7

Case 2:13-cv-01349-JPS   Filed 02/07/14   Page 7 of 11   Document 66
Case 2:13-cv-01349-NJ   Filed 04/25/14   Page 7 of 11   Document 74-1

36. That the negligence of the defendant, Delavan Rescue Squad, as alleged, was a cause of the injuries and death sustained by Dennis D. Tuholski, including past pain, suffering, emotional distress; past medical expenses; funeral and burial expenses; and other compensable injuries and damages, all to the damage of the plaintiffs in an amount to be determined at a trial of this matter.

## SECOND CAUSE OF ACTION: NEGLIGENCE PER SE AGAINST DELAVAN RESCUE SQUAD

37. Realleges and incorporates herein by reference the allegations of the preceding paragraphs.

38. That at all times material hereto, defendant, Delavan Rescue Squad, as an ambulance service provider, had an obligation to not violate Wisconsin law.

39. That defendant's, Delavan Rescue Squad, acts and omissions, as noted herein, constitute a violation of Wis. Stat. §§ 256.08 & 256.15 and Wisconsin Administrative Code Ch. DHS 110, and, as such, constitute a breach of duty subjecting Delavan Rescue Squad to civil liability for all damages arising therefrom under the doctrine of negligence per se.

40. That Dennis D. Tuholski, as a patient of Delavan Rescue Squad, is within the class of persons the statutes and regulations, as described in Par. 39 above, are designed to protect and Dennis D. Tuholski's injuries and death are the type of harm these statutes and regulations are designed to prevent.

41. That the negligence of the defendant, Delavan Rescue Squad, as alleged, was a cause of the injuries and death sustained by Dennis D. Tuholski, including past pain, suffering, emotional distress; past medical expenses; funeral and burial expenses, and other compensable injuries and damages, all to the damage of the plaintiffs in an amount to be determined at a trial of this matter.

8

Case 2:13-cv-01349-JPS   Filed 02/07/14   Page 8 of 11   Document 66
Case 2:13-cv-01349-NJ   Filed 04/25/14   Page 8 of 11   Document 74-1

### THIRD CAUSE OF ACTION: NEGLIGENT HIRING, TRAINING AND SUPERVISION AGAINST DELAVAN RESCUE SQUAD

42. Realleges and incorporates herein by reference the allegations of the preceding paragraphs.

43. That upon information and belief, the defendant, Delavan Rescue Squad, was negligent in hiring, training and/or supervising the individuals involved in providing the services of Delavan Rescue Squad to Dennis D. Tuholski.

44. That the negligent hiring, training and/or supervision by the defendant, Delavan Rescue Squad, as alleged, was a direct and proximate cause of the negligence, as herein alleged, of the individual(s) involved in providing the services of Delavan Rescue Squad to Dennis D. Tuholski.

45. That the negligence of the defendant, Delavan Rescue Squad, as alleged, was a cause of the injuries and death sustained by Dennis D. Tuholski, including past pain, suffering, emotional distress; past medical expenses; funeral and burial expenses, and other compensable injuries and damages, all to the damage of the plaintiffs in an amount to be determined at a trial of this matter.

### FOURTH CAUSE OF ACTION: NEGLIGENT MAINTENANCE OF EQUIPMENT AGAINST DELAVAN RESCUE SQUAD

46. Realleges and incorporates herein by reference the allegations of the preceding paragraphs.

47. That the defendant, Delavan Rescue Squad, had a duty to maintain its equipment used on Dennis D. Tuholoski, including, but not limited to, the MRx referenced herein, which duty required Delavan Rescue Squad to use the degree of care, skill and judgment usually exercised by an ambulance service provider, in the same or similar circumstances.

9

Case 2:13-cv-01349-JPS   Filed 02/07/14   Page 9 of 11   Document 66
Case 2:13-cv-01349-NJ   Filed 04/25/14   Page 9 of 11   Document 74-1

48. That the defendant, Delavan Rescue Squad, was negligent in its maintenance of the equipment used on Dennis D. Tuholski, including, but not limited to, the MRx referenced herein, in that it failed to possess/exercise that degree of care, skill and judgment usually exercised by a reasonable ambulance service provider, in that it, among other things, negligently failed to maintain said equipment, negligently failed to following the notices of Phillip HealthCare Inc. as outlined herein, and was otherwise negligent.

49. That the negligence of the defendant, Delavan Rescue Squad, as alleged, was a cause of the injuries and death sustained by Dennis D. Tuholski, including past pain, suffering, emotional distress; past medical expenses; funeral and burial expenses; and other compensable injuries and damages, all to the damage of the plaintiffs in an amount to be determined at a trial of this matter.

## FIFTH CAUSE OF ACTION: WRONGFUL DEATH

50. Realleges and incorporates herein by reference the allegations of the preceding paragraphs.

51. As a result of the negligence of Delavan Rescue Squad, and the injuries, damages and death of Dennis D. Tuholski, the plaintiff, Dennis L. Tuholski, has suffered injuries and damages including the loss of his son's society and companionship; pecuniary loss; and other compensable injuries and damages.

**WHEREFORE**, Plaintiffs, Joseph Tuholski, as Independent Administrator of the Estate of Dennis D. Tuholski, and Dennis L. Tuholski, prays for relief on the entire complaint, as follows:

    a. For compensatory damages on behalf of Estate of Dennis D. Tuholski, in an amount to be determined in a trial of this matter;

10

Case 2:13-cv-01349-JPS   Filed 02/07/14   Page 10 of 11   Document 66
Case 2:13-cv-01349-NJ   Filed 04/25/14   Page 10 of 11   Document 74-1

b. For compensatory damages on behalf of Dennis L. Tuholski, in an amount to be determined in a trial of this matter;

c. For all costs, disbursements and attorney's fees, and all prejudgment interest due and owing pursuant to sec. 628.46, Wis. Stat. and Wisconsin law; and

d. For any other relief that this Court deems to be just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues.

Dated: February 7, 2014

/s/ Kevin R. Martin
Kevin R. Martin
Attorney Bar No. 1045748
MARTIN LAW OFFICE, S.C.
Attorneys for Plaintiff
7280 S. 13th St., Ste. 102
Oak Creek, WI 53154
Telephone: (414) 856-2310
Fax: (414) 856-2315
Email: kevin@martin-law-office.com

Craig A. Hoffman
**SEEKING ADMISSION *PRO HAC VICE***
Ruberry, Stalmack & Garvey
500 West Madison St. Ste. 2300
Chicago, IL 60661
Telephone: (312) 466-8050
Facsimile: (312) 466-8055
craig.hoffman@rsg-law.com

11

Case 2:13-cv-01349-JPS  Filed 02/07/14  Page 11 of 11  Document 66
Case 2:13-cv-01349-NJ  Filed 04/25/14  Page 11 of 11  Document 74-1