# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSEPH TUHOLSKI, as Independent Administrator
of the ESTATE OF DENNIS D. TUHOLSKI and
DENNIS L. TUHOLSKI,

   Plaintiffs,

  v.                                                              Case No. 13-CV-1349

DELAVAN RESCUE SQUAD, INC.,

   Defendant and Third-Party Plaintiff,

and

PHILIPS MEDICAL SYSTEMS, INC., et al.,

   Defendants,

  v.

PHILIPS MEDICAL SYSTEMS, et al.,

   Third-Party Defendants.

## DECISION AND ORDER

On May 2, 2014, the plaintiffs filed their fourth amended complaint. (Docket # 75.) Defendant Delavan Rescue Squad, Inc. ("Delavan Rescue") was served via the court's electronic case filing system on the same day. *See* Fed. R. Civ. P. 5(b)(1) ("If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."); Fed. R. Civ. P. 5(b)(2)(E) ("A paper is served under this rule by . . . sending it by electronic means if the person consented in writing - - in which

event service is complete upon transmission . . . ."); Fed. R. Civ. P. 5(b)(3) ("If a local rule so authorizes, a party may use the court's transmission facilities to make service under Rule 5(b)(2)(E).") An answer was due 14 days after service of the amended pleading, on May 16, 2014. *See* Fed. R. Civ. P. 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."). No answer was filed. On June 16, 2014, Delavan Rescue filed a motion for an extension of time to answer or otherwise plead, requesting an extension of time until June 20, 2014. (Docket # 88.) Delavan Rescue also asks for leave to file a cross-claim against its co-defendants and an amended third-party complaint. (*Id.*) On June 17, 2014, the plaintiffs filed a motion for default judgment against Delavan Rescue. (Docket # 89.) On June 19, 2014, Delavan Rescue opposed the plaintiffs' motion for default judgment and included responsive pleadings that it requested to file *instanter*. (Docket # 93.)

The plaintiffs oppose the motion on the grounds that Delavan Rescue has failed to establish excusable neglect. (Docket # 90.) The plaintiffs further request that default judgment be entered against Delavan Rescue for its failure to answer the fourth amended complaint. (*Id.*) Because Delavan Rescue filed its request for an extension of time after the time for answering expired, its request is governed by Fed. R. Civ. P. 6(b)(1)(B), which requires the moving party to show that it failed to act because of excusable neglect. The determination of "excusable neglect" is " 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Lewis v. School Dist. #70*, 523 F.3d 730, 740 (7th Cir. 2008) (quoting *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993)). The factors to consider include the danger of

prejudice, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant had acted in good faith. *Id.*

Further, the grant or denial of a motion for the entry of default judgment lies within the sound discretion of the trial court. *Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319, 1322 (7th Cir. 1983). The court of appeals for this circuit has stated that "[w]e have long since moved away from the position of disfavoring default judgments . . ."; however, the appeals court has cautioned that "[e]ntry of default judgment is a serious penalty, one that may punish the client for the sins of counsel, and we remain sensitive to claims that a court has acted reflexively in imposing the sanction." *Calumet Lumber, Inc. v. Mid-America Indus., Inc.*, 103 F.3d 612, 617 (7th Cir. 1997) (internal quotation and citation omitted).

Delavan Rescue argues that there is no danger of prejudice to the plaintiffs because the plaintiffs are already aware of Delavan Rescue's defenses to the plaintiffs' claims, which were set forth in Delavan Rescue's answer to the plaintiffs' third amended complaint, which asserts virtually the same allegations against Delavan Rescue as the fourth amended complaint. Further, Delavan Rescue argues that the length of delay will not have any impact on the judicial proceedings in this matter because several parties have not yet appeared and there will be no delay in discovery. Finally, Delavan Rescue argues that it did not act in bad faith in failing to timely file its responsive pleading. Rather, the failure stemmed from the deadline being miscalendared due to personal matters taking Delavan Rescue's attorney out of the office for various dates in May 2014.

I find good cause to accept the filing of Delavan Rescue's responsive pleadings to the plaintiffs' fourth amended complaint, cross-claim, and amended third-party complaint

3

*instanter* and deny the plaintiffs' motion for default judgment. Although Delavan Rescue argues that its answer was untimely filed in part because it required additional time to investigate the plaintiffs' allegations concerning the new parties and because counsel was awaiting the plaintiffs' response to certain discovery requests, this should not have prevented the defendant from requesting an extension of time prior to the expiration of the deadline to answer. Rather, it appears the likely cause of the untimely filing was miscalendaring by defense counsel. Even so, attorney error can constitute excusable neglect where the attorney acted in good faith and the error did not prejudice the opposing party. *See Crue v. Aiken*, 370 F.3d 668, 680-81 (7th Cir. 2004). Delavan Rescue's counsel explained that the miscalendaring was due to ongoing family issues that took him out of the office on various dates in May 2014 and upon realizing that Delavan Rescue's responsive pleading had not been filed, promptly contacted plaintiffs' counsel in an attempt to reach an agreement on an extension of time. The plaintiffs do not allege that Delavan Rescue's counsel acted in bad faith and I find no evidence of bad faith.

Further, the plaintiffs do not allege, and I do not find, that the plaintiffs would be prejudiced by allowing Delavan Rescue to answer. With the exception of an additional cause of action for punitive damages against all defendants, the allegations against Delavan Rescue in the plaintiffs' fourth amended complaint are the same as the allegations against it in the plaintiffs' third amended complaint, which Delavan Rescue timely answered and asserted its affirmative defenses. Thus, Delavan Rescue's answer should not come as a surprise to the plaintiffs. Nor will allowing Delavan Rescue's motion to dismiss the plaintiffs' claim for punitive damages prejudice the plaintiffs, as Delavan Rescue's motion is

the same as that of defendant and third-party defendant Philips Electronics North America Corporation and the arguments made are equally applicable to each defendant.

Finally, allowing Delavan Rescue to file its responsive pleadings will not negatively impact the judicial proceedings. Several parties have yet to appear in this action and discovery is ongoing. This is not a case where Delavan Rescue has demonstrated a pattern of inattentiveness. Rather, this appears to be an isolated case of late filing due to miscalendaring. The serious penalty of default judgment is not warranted in this case. Delavan Rescue will be allowed to file its responsive pleadings *instanter*.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Delavan Rescue's motion for an extension of time to answer or otherwise plead (Docket # 88) is **DENIED AS MOOT**. Delavan Rescue's motion for leave to file responsive pleadings to plaintiffs' fourth amended complaint, cross-claim, and amended third-party complaint *instanter* (Docket # 93) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiffs' motion for default judgment (Docket # 89) is **DENIED**.

Dated at Milwaukee, Wisconsin this 25th day of June, 2014.

BY THE COURT

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge